UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS RODRIGUEZ,<br><br>Defendant. | No. 2:04-CR-00387-MCE<br><br>**ORDER** |

Defendant Jesus Rodriguez ("Defendant") was convicted by a jury of two counts of Possession of Methamphetamine with Intent to Distribute at Least 50 Grams of Methamphetamine and sentenced to 235 months of imprisonment. On November 23, 2016, Defendant, who is represented by counsel, filed a Motion to Reduce Sentence, which the Government opposes. ECF Nos. 193, 198.[1] For the reasons that follow, the Court affirms its prior denial of Defendant's Motion.

///
///
///
///

---

[1] In response to the Government's opposition, Defendant filed a "Notice of No Reply Brief." ECF No. 199.

1

1    Defendant seeks to reduce his sentence in light of the United States Sentencing
2    Commission's passage of Amendment 782.  Generally, Amendment 782 revised
3    downward by two levels the Drug Quantity Table in U.S.S.G. § 2D1.1.  Although
4    Amendment 782 became effective November 1, 2014, it applies retroactively.  See
5    U.S.S.G. § 1B1.10(d), (e)(1).
6    "When the Commission makes a Guidelines amendment retroactive, 18 U.S.C.
7    § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is
8    based on the amended provision."  Dillon v. United States, 560 U.S. 817, 821 (2010).
9    "Any reduction must be consistent with applicable policy statements issued by the
10   Sentencing Commission."  Id.  "The relevant policy statement, USSG § 1B1.10, instructs
11   courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while
12   'leav[ing] all other guideline application decisions unaffected.'"  Id. (quoting U.S.S.G. §
13   1B1.10(b)(1)).  Under § 3582(c)(2), a court may then grant a reduction within the
14   amended Guidelines range if it determines that one is warranted "'after considering the
15   factors set forth in section 3553(a) to the extent that they are applicable.'"  Id. at 822.
16   "Except in limited circumstances, however, § 1B1.10(b)(2)(A) forecloses a court acting
17   under § 3582(c)(2) from reducing a sentence 'to a term that is less than the minimum of
18   the amended guideline range.'"[2]  Id.  In addition, "a reduction in the defendant's term of
19   imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the]
20   amendment . . . does not have the effect of lowering the defendant's applicable guideline
21   range."  U.S.S.G. § 1B1.10(a)(2)(B).
22   Defendant is not eligible for a reduction because, except under circumstances not
23   applicable here, the Court may not resentence Defendant to a sentence that is below the
24   bottom of the amended guideline range.  Id., § 1B1.10(b)(2)(A) ("[T]he court shall not
25   reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this

---

[2] Those limited circumstances, which are not applicable here, arise when "the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities."  U.S.S.G. § 1B1.10(b)(2)(B).

policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection."). When Defendant was originally sentenced, it was pursuant to a Total Offense level of 40, Criminal History Category I, and a guideline range of 292-365 months. Defendant's amended Total Offense Level would be 38, which, along with a Criminal History Category I, results in a guideline range of 235-293 months. Because Defendant's sentence already falls at the low-end of the adjusted guideline range, Defendant is ineligible for a reduction, and his Motion (ECF No. 193) is DENIED. See United States v. Ornelas, 825 F.3d 548 (9th Cir. 2016).

IT IS SO ORDERED.

Dated: May 9, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE